LAW OFFICES OF CHRISTIAN J. GARRIS
CHRISTIAN J. GARRIS  SBN 175808
633 West Fifth Street, 28th Floor
Los Angeles, California 90071
Telephone: (213) 624-2900
Facsimile: (213) 624-2901
Email: cjg@christiangarris.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PARASTOO RASOOLY, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>AETNA LIFE INSURANCE COMPANY; BOOZ ALLEN HAMILTON SHORT-TERM DISABILITY PLAN; and DOES 1-10, inclusive;<br><br>Defendants. | Case No. CV19-01927<br><br>**COMPLAINT FOR:**<br><br>**BREACH OF PLAN (RECOVERY OF PLAN BENEFITS)** |

1.  Plaintiff PARASTOO RASOOLY ("Plaintiff") complains and alleges:

## INTRODUCTORY ALLEGATIONS

2.  This Court's jurisdiction is invoked pursuant to 29 U.S.C. § 1132(e). Plaintiff's claims arise under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq.  Alternatively, Plaintiff's claims arise in part under ERISA and in part under state law claims falling within the pendent or supplemental jurisdiction of this Court, deriving from a common nucleus of operative facts.

3.  Venue is properly within the Central District of California pursuant to

1  29 U.S.C. § 1132(e)(2), because the acts complained of have occurred within this District, because Defendant resides in or may be found within this district, and because the ends of justice so require.

4. This action seeks damages for the denial of disability benefits under a group disability policy ("the Plan") established by Plaintiff's employer, Booz Allen Hamilton ("Booz Allen"), and administered by Defendant Aetna Life Insurance Company ("Aetna").

5. Plaintiff seeks benefits, attorneys' fees and costs, and other appropriate relief for the improper, erroneous and illegal denial of disability benefits owed to Plaintiff, a participant and beneficiary of the Plan.

## THE PARTIES AND THEIR RELATIONSHIPS

6. Plaintiff at all times herein mentioned was a resident and citizen of the County of Orange, State of California. At all relevant times, Plaintiff was a participant and beneficiary of the Plan.

7. At all relevant times, the Plan was a group benefit plan that provided Plaintiff with protection against the risk of disability. Plaintiff was an employee of Booz Allen and was enrolled at all relevant times in the Plan.

8. The Booz Allen Hamilton Short-Term Disability Plan that is the subject of this action is and was an employee welfare benefit plan within the meaning of 29 U.S.C. § 1002(1) sponsored by and established by Booz Allen for the purpose of providing peace of mind and security to its participants in the event that, among other things, a participant or beneficiary of the Plan should suffer disability. Plaintiff is informed and believes and thereon alleges that Booz Allen is a Delaware corporation doing business in the State of California.

9. Aetna is an insurance company authorized and licensed to conduct, and is indeed conducting, the business of insurance in the State of California. Plaintiff is informed and believes, and thereon alleges, that Aetna is a corporation

law offices of christian j. garris
633 west fifth street, 28th floor
los angeles, california 90071
tel 213.624.2900
fax 213.624.2901

domiciled in State of Connecticut, with its principal place of business in the State of California, County of Los Angeles.

## **FACTUAL BACKGROUND**

10. The disability Plan established by Booz Allen was funded and administered by Aetna, Plan Number 0326419.

11. Plaintiff paid all premiums due for the disability coverage under the Plan.

12. Under the Plan, if Plaintiff is unable to perform the material and substantial duties of her regular occupation with reasonable continuity, she is entitled to a disability benefit. All benefits are administered under the Plan by Aetna.

13. The short-term disability benefits under the Plan are payable for a period of 26 weeks.

14. Plaintiff is informed and believes that Plaintiff's weekly benefit is $2,079.81.

15. On or about September 26, 2018, Plaintiff's disability commenced when she began suffering from disabling Grave's Disease, hyperthyroidism, and other conditions.

16. On or about October 28, 2018, Defendants ceased paying benefits.

17. On or about December 7, 2018, Plaintiff's disability was certified by Sandra S. Kwak, M.D.

18. On or about January 3, 2019, Plaintiff's disability was certified by Arde Anashivani, M.D.

19. On or about January 30, 2019, Plaintiff's disability was certified by William J. Tsai, M.D.

20. On or about April 4, 2019, Defendants rejected Plaintiff's appeal of the denial.

21. On or about May 20, 2019, due in part to the fact that she was not receiving any benefits, Plaintiff was forced to return to work.

22. The Plan required payment of benefits within the jurisdiction of the above-entitled Court for a total amount to be shown at the time of trial.

23. The Plan was entered into within the jurisdiction of the above-entitled Court.

24. The Plan calls for performance within the jurisdiction of the above-entitled Court.

25. Plaintiff has pursued and exhausted all administrative appeals, which Defendants denied.

## FIRST CAUSE OF ACTION

## FOR BREACH OF PLAN AND RECOVERY OF PLAN BENEFITS

### (Against All Defendants)

26. The allegations contained in all previous paragraphs are incorporated herein by reference as though set forth in full.

27. The disability Plan established by Booz Allen was funded and administered by Aetna, Plan Number 0326419.

28. Plaintiff paid all premiums due for the disability coverage under the Plan.

29. Under the Plan, if Plaintiff is unable to perform the material and substantial duties of her regular occupation with reasonable continuity, she is entitled to a disability benefit. All benefits are administered under the Plan by Aetna.

30. The short-term disability benefits under the Plan are payable for a period of 26 weeks.

31. Plaintiff is informed and believes that Plaintiff's weekly benefit is $2,079.81.

32. On or about September 26, 2018, Plaintiff's disability commenced when she began suffering from disabling Grave's Disease, hyperthyroidism, and other conditions.

33. On or about October 28, 2018, Defendants ceased paying benefits.

34. On or about December 7, 2018, Plaintiff's disability was certified by Sandra S. Kwak, M.D.

35. On or about January 3, 2019, Plaintiff's disability was certified by Arde Anashivani, M.D.

36. On or about January 30, 2019, Plaintiff's disability was certified by William J. Tsai, M.D.

37. On or about April 4, 2019, Defendants rejected Plaintiff's appeal of the denial.

38. On or about May 20, 2019, due in part to the fact that she was not receiving any benefits, Plaintiff was forced to return to work.

39. The Plan required payment of benefits within the jurisdiction of the above-entitled Court for a total amount to be shown at the time of trial.

40. The Plan was entered into within the jurisdiction of the above-entitled Court.

41. The Plan calls for performance within the jurisdiction of the above-entitled Court.

42. Plaintiff has pursued and exhausted all administrative appeals, which Defendants denied.

43. As a direct and proximate result of Defendant's refusal to honor the terms of the Plan, Plaintiff has suffered contractual damages under the and other incidental damages and out-of-pocket expenses, including attorney fees and costs, all in a sum to be determined at the time of trial.

# **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

1. For benefits payable under the Plan to reimburse Plaintiff, a beneficiary and participant of the Plan, less amounts previously paid, plus interest;

2. For reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g)(1);

3. For pre-judgment interest at the appropriate rate; and

4. For such other relief as the court deems appropriate.

Dated: October 8, 2019        LAW OFFICES OF CHRISTIAN J. GARRIS

By:_____
Christian J. Garris, Esq.

Attorneys for Plaintiff